# PETER L. VISTAUNET v. CITY OF THIEF RIVER FALLS.[1]

May 20, 1910.

Nos. 16,613—(136).

**Complaint — demurrer.**

In an action by a physician for the reasonable value of his services as health officer of defendant city in quarantining and disinfecting various buildings containing persons having contagious or infectious diseases, a demurrer to the complaint was overruled, although the complaint did not allege that the salary had been fixed by the city council. [Reporter]

Action in the district court for Red Lake county to recover $204, the reasonable value of services rendered defendant city by plaintiff while acting as its health commissioner. From an order, Watts, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*G. Halvorson,* for appellant.

*F. A. Grady,* for respondent.

PER CURIAM.

Plaintiff, a physician and surgeon and the duly qualified health commissioner for the city of Thief River Falls, sought to recover a named sum from the defendant city. The complaint alleged that defendant was indebted to plaintiff in that sum for services rendered as such health commissioner to defendant at its instance and request in and about the quarantining and disinfecting of the various buildings in the city containing persons who suffered from contagious and infectious diseases. The number of the buildings was stated. It was further alleged that a reasonable value was a named sum per building. To this complaint the defendant demurred, on the ground that the complaint did not allege facts sufficient to constitute a cause of action. The court overruled the demurrer. This appeal was taken from that order.

The point contended for here is that plaintiff rendered the services while acting as a public officer; that he was entitled to a salary only, and not to the reasonable value of his services. The complaint did not set forth that the salary had been established by the city council. Wherefore plaintiff could not recover. Where no salary for a public officer has been fixed by law, none can be recovered. 28 Cyc. 455, 456, 460, 537, 540. This court has had frequent occasions to discourage demurrers of this kind, inter alia because they involve the decision of moot questions. It might easily be, in such a case as the case at bar, that an ordinance had been passed fixing plaintiff's salary, under which plaintiff would be entitled to recover. On proof of such ordinance plaintiff would be entitled to judgment.

[1] Reported in 126 N. W. 1134.

Such an ordinance was suggested at argument. No reason was pointed out why it would not have entitled plaintiff to judgment on its proper proof. It may appear on trial that there was no such ordinance. The decision of the court at best would be academical.

The complaint in question is of a form not infrequently used, and, while not the best possible, is, we conclude, sufficient as against the demurrer. Affirmed.